EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority opinion except as to Part IV and the ultimate judgment. I do not agree with the majority that affirming the district court’s order would create a “per se rule” under which any cooperative seeking Chapter 11 protection would be automatically subject to the appointment of a trustee. In my view the conflicts present in this case provide sufficient “cause” to support the district court’s appointment of a trustee under § 1104(a)(1). See slip op. at 749 n. 13 (detailing Cajun Electric’s conflicts of interest). The conflicts present in this case go beyond the “inherent” conflicts under which all healthy cooperatives operate.[1] Presumably, healthy cooperatives do not fail to collect monies owed by member-customers or attempt to deny member-customers access to information. Nor do members in healthy cooperatives consider strategies which seem designed to break-up and scavenge the assets of the debtor. See Joint Stipulation at 4 ¶ 15 (“Some members ... have expressed an interest in purchasing Cajun’s assets, either by themselves alone or by forming a venture with one or more others.”). Once cooperative members begin working at cross-purposes, to the extent Cajun’s members have, the appointment of a trustee may be the only effective way to pursue reorganization. See In re Colorado-Ute Electric Ass’n, Inc., 120 B.R. 164, 176 (D.Colo.1990) (holding the appointment of a trustee proper where court could not envision a way for current management to resolve conflicts). As the district court recognized, this is a large and messy bankruptcy that promises to get worse without a disinterested administrator at the helm. Accordingly, I respectfully dissent from Part IV of the majority opinion, and would affirm the district court’s appointment of a trustee.

. The majority also errs in conflating the conflicts “inherent” in any cooperative organization with those "arising from” inherent conflicts. See slip op. at 749. In my opinion, the majority would shield a cooperative from trustee appointment, no matter how egregious its internal conflicts were, so long as the conflicts could be traced back to the cooperative structure.